UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERIC WILSON, as an individual and as
guardian of K.W.,

       Plaintiff,

  -against-

PROJECT PATCH, INC.,

       Defendant.
------------------------------------------------------------X

MEMORANDUM & ORDER
17-CV-2432 (JFB)(SIL)

BIANCO, District Judge:

*Pro se* plaintiff, Eric Wilson, as an individual and guardian of K.W. ("plaintiff"), brings this *in forma pauperis* action pursuant to 42 U.S.C. §1983 ("Section 1983") against Project Patch, Inc. ("defendant"), a corporation alleged to be headquartered in Vancouver, Washington that operates a residential treatment program located in Garden Valley, Idaho. (Compl. ¶ 1.) Under the general venue provision:

> a civil action may be brought in - - (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Here, the events giving rise to plaintiff's claims are alleged to have occurred at the Youth Ranch located in Garden Valley, Idaho. (Compl. ¶¶ 2, 10.) Garden Valley is located in Boise County, and Boise County is within the District of Idaho. *See* 28 U.S.C. § 92. Under 28 U.S.C. § 1391(b)(2), venue is therefore proper in the District of Idaho.

In determining whether to transfer to another district where the action might have been brought, courts should consider: (1) the plaintiff's choice of forum, (2) the convenience of the

witnesses and parties, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, and (6) the relative means of the parties. *See New York Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). Although a plaintiff's choice of forum generally should be disturbed only if the balance of factors weighs heavily in favor of transfer, that choice is accorded less deference where the operative facts did not occur there. *See Iragorri v. United Technologies Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

In this case, there appears to be no connection whatsoever between this lawsuit and the Eastern District of New York other than the fact that plaintiff resides in Baldwin, New York. Instead, the events giving rise to plaintiff's claims have taken place during at the Youth Ranch in Idaho. Thus, based on the totality of circumstances, it is in the interest of justice to transfer this action under § 1404(a) to the United States District Court for the District of Idaho.

Accordingly, the Clerk of Court is directed to transfer this action to the United States District Court for the District of Idaho under § 1404(a). The Court makes no determination with regard to plaintiff's *in forma pauperis* application and that motion is reserved for the transferee court. The Clerk of the Court is further directed to mail a copy of this Order to the plaintiff and to mark this case closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ Joseph F. Bianco

Joseph F. Bianco, U.S.D.J.

Dated: May 1, 2017
Central Islip, NY